# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE TORRES, | : |
| **Plaintiff** | : |
| | : CIVIL ACTION NO. 3:17-1170 |
| v | : |
| | : (JUDGE MANNION) |
| C.J. MCKOONZ, *et al.*, | : |
| **Defendants** | : |

# **MEMORANDUM**

## I. **Background**

On July 5, 2017, Plaintiff, Jose Torres, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, ("SCI-Mahanoy") filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The named Defendants are the following employees at Plaintiff's former place of confinement SCI-Dallas: C.J. McKeown[1], Hearing Examiner; Paul Tereska, LPN; N. Palmigiano, Physician Assistant; L. DeBoer, Nurse Practitioner; and John Doe, Psychiatrist.

On August 2, 2018, Defendants McKeown and Tereska filed a motion

---

[1]Plaintiff improperly identifies the Hearing Examiner as McKoonz, when his last name is McKeown.

for summary judgment, pursuant to Federal Rule Civil Procedure 56, arguing that Plaintiff's action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Doc. 11). No brief in opposition was filed.

On February 13, 2019, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013), this Court issued an Order, allowing the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 20). The time for filing supplemental briefing has passed, neither party has filed any supplemental materials pertinent to the issue of exhaustion, and the motion is now ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment as unopposed.

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to

avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

## III. **Statement of Facts**

Plaintiff states that he is a diabetic, who also "suffers from several mental health disorders, bipolar, schizophrenia, ADHD and OCD." (Doc. 4). He claims that "there has been times that the Defendants P. Tereska, N. Palmigiano and L. DeBoer failed or refused to make sure that the Plaintiff received his insulin" and "as a result of being denied or not provided insulin, the Plaintiff suffered physical and mental harm." Id. He alleges that Defendants "did not take the Plaintiff's diabetic treatment seriously and discriminated against him by not providing insulin sometimes." Id.

Additionally, Plaintiff states that "John Doe, psychiatrist, prescribed the Plaintiff Depakote and other psychiatric medications" and "these meds caused the Plaintiff allergic reactions with the insulin" in which "Plaintiff had blackouts, dizziness, blurred vision and nausea." Id. Plaintiff informed all Defendants, "but they would not do anything to help the Plaintiff" and "instead, they continued to provide the Plaintiff the psy meds and insulin to further injure the Plaintiff." Id. The allergic reaction Plaintiff suffered "affected the Plaintiff's cognitive functions adversely to the point that he did not know or understand what he be doing at times." Id. He claims that "as a result, the Plaintiff received a misconduct report for bad behavior." Id. Plaintiff states that "at the

5

time of receiving the misconduct report, the Plaintiff was suffering from an allergic reaction from the psy meds and the insulin." Id.

On March 20, 2017, Plaintiff appeared before Hearing Examiner C.J. McKeon, who Plaintiff claims "violated the Plaintiff's rights to due process" when he refused or failed to call Plaintiff's witnesses, have video tape surveillance evidence produced and "treated the Plaintiff unfairly at the hearing due to the Plaintiff's mental health disabilities." Id.

Plaintiff filed the instant action on July 5, 2017, in which he requests "that the guilty findings be reversed and he be provided compensatory and punitive damages." Id.

A July 26, 2018 review of Plaintiff's administrative remedy history in the Prison's database, revealed that Plaintiff has filed four grievances throughout his incarceration within the Department of Corrections ("DOC"). (Doc. 12-1 at 6, Declaration of Michael Bell, Grievance Officer, Pennsylvania Department of Corrections' Secretary's Office of Inmate Grievances and Appeals ("SOIGA")). None of the four grievances filed were ever appealed to final review, nor did any of the four grievances relate to any allegations contained in Plaintiff's complaint. Id.

## IV. Discussion

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. §1983; Woodford v. Ngo, 548 U.S. 81,92 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 92. Failure to

substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of their institution. Id. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). Id.

Actual knowledge by the defendants of a plaintiff's claim is irrelevant:

a prisoner must exhaust administrative remedies by complying to the extent feasible with the prison's administrative regulations governing inmate grievances. Substantial compliance with existing remedies is sufficient. Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000). However, failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. See Spruill, 372 F.3d at 222-26.

Since there is no dispute that a grievance system exists, Torres must use it before filing suit. The Department of Corrections' records reveal that no grievance concerning the allegations contained in the instant complaint was ever received from Plaintiff. Plaintiff does not refute this. Thus, all competent evidence of record in this case demonstrates that Torres simply failed to properly exhaust administrative remedies. The failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In Spruill, supra, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable

prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232.

In this case, the record clearly discloses that Torres failed to exhaust his administrative remedies with respect to denial of medical treatment and misconduct claims. The law is clear that Plaintiff was required to exhaust his administrative remedies before he filed his instant action with respect to all of his claims. Booth v. Churner, 532 U.S. 731, 739 (2001); Woodford v. Ngo, 548 U.S. 81,92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); see also Rivera v. Pa. Dep't of Corr., 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court"). Thus, Torres has sustained a procedural default with respect to the claims raised herein.

Spruill cited with approval the Seventh Circuit decision in Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). Torres offers no evidence to justify his failure to comply with DOC

requirements. Consequently, he is now foreclosed from litigating his remaining claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby

considered exhausted." These precedents support this Court's decision to enter judgment in favor of Defendants.

## V. Conclusion

Based upon the undisputed facts of record, Defendants are entitled to summary judgment for Plaintiff's failure to adequately exhaust administrative remedies with respect to the claims raised in the instant action. Although not moving Defendants, the Court finds that based upon the foregoing, Defendants, Palmigiano, DeBoer and John Doe[2], are also entitled to dismissal pursuant to of 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   March 28, 2019**
17-1170-01.wpd

---

[2]Additionally, Defendant, is entitled to dismissal pursuant to Rule 4(m) for Plaintiff's failure to properly identify this Defendants and effectuate service within 120 days of the filing of the complaint. See FED.R.CIV.P. 4(m).